ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ROLANDO BARREIRO VÁZQUEZ<br><br>PETICIONARIO<br><br><br>V.<br><br><br><br>DR. ACEVEDO, DR. JOSÉ SOTO, DR. JOEZER LUGO RAÑAL Y OTROS<br><br>RECURRIDO | KLCE202401147 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br>_____<br>CIVIL NÚM.:<br>GOJ2022-0059<br><br>_____<br>SOBRE:<br><br>VIOLACIÓN DE DERECHOS CIVILES Y CONSTITUCIONALES; DAÑOS Y PERJUICIOS Y OTROS |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece Rolando Barreiro Vázquez ("Sr. Barreiro" o "Peticionario") mediante recurso de *Certiorari* y solicita nuestra intervención a fin de obtener respuesta a sus múltiples reclamos realizados en la institución correccional y ante el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI").

Por los fundamentos que exponemos a continuación, se ***desestima*** el recurso por falta de jurisdicción.

-I-

El 23 de enero de 2023 esta Curia emitió una Resolución denegando la expedición del auto de

_____

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202201351)

Número Identificador

RES2024_____

*Certiorari* presentado por el Peticionario. A pesar de lo anterior, ordenamos que se notificara la Resolución al TPI, de forma tal que el magistrado pudiera identificar la idoneidad de los reclamos presentados por el Sr. Barreiro. Posteriormente, según expresa el Peticionario, el TPI llevó a cabo múltiples vistas, sin embargo, el Sr. Barreiro no ha obtenido respuesta sobre el estatus en el que se encuentra el caso. Cónsono con lo anterior, el 21 de octubre de 2024, el Sr. Barreiro acudió ante nos mediante un recurso de *Certiorari*.

-II-

### A. Certiorari

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[2] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[3] Esta discreción se define como "*el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción*".[4] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa.[5] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *Certiorari* no es absoluta.[6] Esto, por razón de que no tenemos autoridad

---

[2] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[3] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).

[4] *García v. Padró*, 165 DPR 324, 334 (2005).

[5] *Id.,* a las págs. 334-335.

[6] *Id.,* a la pág. 335.

para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

### B. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[7] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[8] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[9]

Ahora bien, al presentar un recurso de *Certiorari*, la parte debe cumplir con una serie de requisitos contenidos en la Regla 34 del Reglamento del Tribunal de Apelaciones. En lo pertinente a la controversia ante nos, la Regla dispone que el escrito contendrá un Índice, citas legales de las disposiciones que establecen la jurisdicción y competencia del Tribunal, un señalamiento de los errores que, a juicio de la parte, cometió el foro recurrido y una discusión de dichos errores.

El Tribunal Supremo ha enfatizado la necesidad de cumplir con las Reglas aplicables del Reglamento del Tribunal de Apelaciones para presentar los recursos, a fin de que estos puedan ser examinados por este Tribunal.

---

[7] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[8] *Allied Mgmt. Grp., Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[9] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

Por lo tanto, el cumplir con estos requisitos coloca a este Tribunal en posición de poder examinar y evaluar los méritos del mismo.[10]

En fin, el Tribunal Supremo ha resuelto que la persona que presenta un recurso ante la consideración del Tribunal de Apelaciones tiene "*la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia.*"[11]

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones señala las instancias en las que el Tribunal puede desestimar o denegar un auto discrecional. En parte pertinente, la Regla dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> > **(1) que el Tribunal de Apelaciones carece de jurisdicción.**
> >
> > (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> >
> > (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> >
> > (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> >
> > (5) que el recurso se ha convertido en académico.
>
> **(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar**

---

[10] *Morán v. Martí*, 165 DPR 356, 367 (2005).
[11] *Íd.*

> **un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.**[12]

**-III-**

El recurso presentado por el Peticionario cuenta con serias deficiencias respecto a los requisitos enumerados en la Regla 34 del Reglamento de este Tribunal.

Primeramente, el recurso no incluye un Índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción y competencia de este Tribunal. Además, tampoco hace referencia a la decisión cuya revisión se solicita.

Por otra parte, en el recurso no consta una relación concisa de los hechos procesales y materiales del caso. Contrario a ello, el Sr. Barreiro señala que no recuerda ciertos detalles por el tiempo transcurrido.[13] Respecto a los señalamientos de error, cabe señalar que no fueron discutidos según lo requiere el Reglamento, a saber, incluyendo disposiciones de ley y la jurisprudencia aplicable. Finalmente, el Peticionario tampoco incluyó un Apéndice según dispone el Reglamento.

Por lo tanto, en la medida en que el Peticionario no cumplió con los requisitos de forma que exige nuestro Reglamento, se desestima el recurso por falta de jurisdicción al amparo de la Regla 83(c) del Reglamento del Tribunal de Apelaciones.

**-IV-**

Por los fundamentos antes esbozados, se *desestima* el recurso por falta de jurisdicción.

---

[12] 4 LPRA Ap. XXII-B, R. 83 (B)(1), (C). *Énfasis suplido.*
[13] Véase recurso de *Certiorari*, págs. 2-3.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*